

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.  4:20-MJ-608

ERIC DARIUS YOUNG (01)
LINDSAY KEITH LACY (02)
EDWARD LASSITER (03)

## CRIMINAL COMPLAINT

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Violation of 21 U.S.C. § 846)

Beginning in or before July 2019 and continue until in or around September 17, 2020, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Eric Darius Young, Lindsay Keith Lacy, Edward Lassiter and others known and unknown**, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), namely to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

I, Eric Smith, being duly sworn, depose and state the following is true and correct to the best of my knowledge and belief:

1. I am employed by the Fort Worth Police Department and further assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer Agent and have been employed a Fort Police Officer for approximately twenty five years. As part of my duties, I investigate offenses under Title 21 of the United States Code. I have previously investigated violations of Title 21, United States Code, Section 841(a)(1); Title 21,

United States Code, Section 846; Title 21, United States Code, Section 848; Title 21, United States Code, Section 843(b); and Title 18, United States Code, Section 1956.

2. I am knowledgeable in the enforcement of state and federal laws with regard to controlled substance and firearms offenses. Based on this experience, I have become well-versed in the methodology utilized in drug trafficking operations, the unique trafficking patterns employed by drug organizations, and their patterns of drug distribution. I have also interviewed convicted drug dealers on numerous occasions. Based upon this experience, I have become knowledgeable of the methods and modes of drug operations and the language and patterns of drug abuse and trafficking.

3. The information contained in this affidavit is based on my personal knowledge and experience, my personal participation in this investigation, and information obtained from other law enforcement officers and/or agents involved in this investigation. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and had been committed by Eric Darius Young, Lindsey Keith Lacy and Edward Lassiter.

## Facts and Circumstances

4. During the month of September of 2020, a DEA Forth Worth District Office (FWDO) Confidential Source, hereinafter referred to as (CS), provided information to officers/agents regarding the drug distribution activities of an individual known to the CS

as "Eric" and advised he ("Eric") was currently seeking a cocaine supplier in the Dallas/Fort Worth area and attempting to purchase multiple kilograms of cocaine. During the investigation, Agents identified "Eric" as Eric Darius Young of Dallas, Texas. The CS informed Young that the CS could supply Young and his associates with powder cocaine.

5. On or about September 15, 2020, the DEA CS, at the direction of Agents, conducted a series of controlled phone calls/text messages with YOUNG to discuss conducting a three kilogram powder cocaine transaction on this date. The CS informed YOUNG they would sell YOUNG a kilogram of cocaine for approximately $26,000 United States Currency (USC) if YOUNG purchased two or more kilograms of powder cocaine. Later on this date, YOUNG informed the CS that YOUNG only wanted to purchase one kilogram before purchasing the other kilograms of powder cocaine. The CS then informed YOUNG that if YOUNG only purchased one kilogram cocaine, the selling price would be approximately $30,000 United States Currency (USC). Ultimately, YOUNG did not conduct a drug transaction at this time; however, but remained in contact with the CS. YOUNG continued to update the CS on YOUNG's intentions to purchase two or more kilograms of cocaine.

6. On or about September 16, 2020, the DEA CS conducted a series of controlled calls/texts with YOUNG. YOUNG informed the CS that YOUNG was in possession of approximately $52,000.00 United States Currency (USC) to purchase two (2) kilograms of powder cocaine. The CS informed that they could conduct the two (2) kilogram powder cocaine with YOUNG on or about September 17, 2020.

7.      On or about September 17, 2020, the DEA CS conducted a series of controlled phone calls/text messages with YOUNG.   During the conversations with the CS, YOUNG informed the CS, that YOUNG was in possession of approximately $30,000.00 United States Currency (USC) to purchase one kilogram of powder cocaine. YOUNG also informed the CS, that YOUNG was brokering the one kilogram transaction and would be selling the one kilogram of cocaine to his customer for $36,000.00 United States Currency (USC). The CS instructed YOUNG to meet at a restaurant located in Arlington, Texas.   Later on this date, Agents/Officers observed a silver 2016 Hyundai SUV occupied by YOUNG in the front passenger seat, an unknown black male driver later identified as Eric LASSITER and unknown black male in the rear passenger seat later identified as Lindsey Keith LACY arrive at the restaurant's parking lot. YOUNG exited from the 2016 silver Hyundai SUV and made physical contact with the CS and engaged in conversation regarding the pending drug transaction.   YOUNG then directed the CS over to the silver 2016 Hyundai SUV and YOUNG informed the CS he had the money in his possession.   The CS then entered the front passenger seat of the silver 2016 Hyundai SUV.   Upon entering the front passenger seat, LASSITER directed the CS to a gray bag which contained a large unknown amount of United States Currency. The CS upon observing the money, gave the pre-determined arrest signal.   Law enforcement engaged LASSITER while he was seated in the driver's seat of the 2016 Hyundai SUV vehicle and LACY in the rear passenger seat of LASSITER's vehicle. YOUNG, LACY and LASSITER were arrested without incident.

8.      Following the arrests, your affiant conducted a post-arrest interview and provided

YOUNG with his Miranda warning. YOUNG stated he understood his rights, wished to waive his rights and speak with law enforcement. During the interview, YOUNG acknowledged LACY, LASSITER and he were intending on purchasing one kilogram of powder cocaine on this date. YOUNG stated that LASSITER had previously informed YOUNG and other people in their neighborhood, LASSITER was looking for another cocaine source of supply.

9. Following the arrests, your affiant conducted a post-arrest interview and provided LACY with his Miranda warning. LACY stated he understood his rights, wished to waive his rights and speak with law enforcement. During the interview, LACY acknowledged YOUNG, LASSITER and he were intending on purchasing one kilogram of powder cocaine. LACY stated that on this date, LACY was contacted by YOUNG to purchase a kilogram powder cocaine for $32, 000.00 in United States Currency (USC). LACY stated upon YOUNG picking him up, LACY had in his possession $32,000.00 in United States Currency (USC) to purchase one kilogram of powder cocaine.

9. TFO Eric Smith seized a gray bag from the passenger seat of the LASSITER's vehicle, which contained approximately $30,000 USC. TFO Smith seized, in the rear passenger seat of the of LASSITER's vehicle, a white envelope, which contained approximately $32,000.00 USC. TFO Smith then located a 9 mm pistol under the front passenger seat glove box of LASSITER's vehicle.

10. Although your AFFIANT has not listed all the facts regarding the investigation into YOUNG, LACY and LASSITER, your AFFIANT believes the facts stated here establish probable cause that YOUNG, LACY and LASSITER did knowingly and

Complaint – Page 5

intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), namely to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

_____
Task Force Officer Perry Moore
Drug Enforcement Administration

Sworn to and subscribed before me this **18th** day of, September 2020 at **10:39** a.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE